UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TYRONE M. WESLEY,

        Plaintiff,

        v.                                  Case No. 25-C-503

EROMOSE OSEMOBOR, et al.,

        Defendants.

---

## SCREENING ORDER

---

Plaintiff Tyrone Wesley, who is currently serving a state prison sentence at the Racine Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Plaintiff's motion for leave to proceed without prepayment of the filing fee and to screen the complaint.

### MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Plaintiff has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $101.17. Plaintiff's motion for leave to proceed without prepaying the filing fee will be granted.

### SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint

or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

### ALLEGATIONS OF THE COMPLAINT

Plaintiff is an inmate at the Racine Correctional Institution. Dkt. No. 1. Defendants are Correctional Officer (CO) Eromose Osemobor, Unit Manager Nicolas Filkins, Lieutenant (Lt.)

2

Travis Stine, Institution Complaint Examiner (ICE) Leah Zeni, Security Director Brandon Morris, Deputy Warden Kenya Mason, and Warden Robert Miller. *Id*. at 1-2.

On October 6, 2024, CO Osemobor found a cell phone in the "common area" of Plaintiff's cell during a cell search. *Id*. at 2. Although Plaintiff told CO Osemobor that it was not his cell phone, CO Osemobor sent Plaintiff to segregation and issued a conduct report, which stated that Plaintiff confessed to owning the cell phone. *Id*. A few weeks later, on October 28, 2024, Lt. Stine conducted a hearing on the conduct report and did not dismiss the conduct report. *Id*. Plaintiff states that the conduct report hearing should have occurred within 21 days of the conduct report being issued, or October 27, 2024. He asserts that the hearing was held one day late, on October 28, 2024, after the "TLU time had expired with no extension being filed." *Id*. Plaintiff alleges that, on November 1, 2024, Security Director Morris "lied about TLU time;" and on December 8, 2024, Deputy Warden Mason "confirmed" Lt. Stine's decision on the conduct report. *Id*. at 3.

Plaintiff asserts that, on November 13, 2024, Unit Manager Filkins "created a unit to punish everyone being released from segregation." *Id*. Plaintiff filed an inmate complaint about his circumstances. *Id*. On January 10, 2025, ICE Zeni recommended dismissing his inmate complaint. *Id*. On January 15, 2025, Warden Miller adopted the recommendation and dismissed the inmate complaint. *Id*. Later, Plaintiff's conduct report was "overturned and dismissed" based on due process violations, including issues with adequate "notice." *Id*. at 4. Plaintiff served 159 days in disciplinary segregation and seeks monetary damages "for each day" he was "punish[ed] since [his] due process has been violated." *Id*. at 5.

THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this

3

deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

To state a Fourteenth Amendment due process claim, Plaintiff must allege that (1) he was deprived of a constitutionally protected liberty interest and (2) the procedures he was afforded were constitutionally deficient. *Ealy v. Watson*, 109 F.4th 958, 964 (7th Cir. 2024). Disciplinary segregation deprives an inmate of his liberty interest when it imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id*. at 964-65 (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). The Court looks at the "combined import" of the duration of the confinement *and* the conditions endured. *Id*. (citing *Hardaway v. Meyerhoff*, 734 F.3d 740, 743 (7th Cir. 2013)). Absent harsh conditions of confinement, disciplinary segregation for a period of time less than six months does not typically trigger a liberty interest. *Marion v. Columbia Corr. Inst*., 559 F.3d 693, 698 (7th Cir. 2009) (noting "six months of segregation is not such an extreme term and, standing alone, would not trigger due process rights").

Once a liberty interest has been invoked, the Court looks to what process was due. *Ealy*, 109 F.4th at 965-66. An inmate who is facing transfer to disciplinary segregation is only entitled to "informal, nonadversarial due process," which leaves substantial discretion and flexibility in the hands of the prison administrators. *Id.* (citing *Adams v. Reagle*, 91 F.4th 880, 895 (7th Cir. 2024)). Informal due process requires only that an inmate be provided (1) "notice of the reasons for the inmate's placement" in confinement and (2) "an opportunity to present his views," for instance, in a written statement or at a hearing. *Id.* "[T]he Supreme Court has made clear that '[o]rdinarily a written statement by the inmate will accomplish this purpose . . . . So long as this occurs, and the decisionmaker reviews the charges and then-available evidence against the prisoner, the Due Process Clause is satisfied.'" *Id.* (quoting *Hewitt v. Helms*, 459 U.S. 460, 476 (1983)).

4

The Court will dismiss the original complaint for failure to state a claim. As a preliminary matter, Plaintiff fails to allege any facts about the conditions of his confinement during his 159 days in disciplinary segregation. The fact that he was in disciplinary segregation for 159 days is not, on its own, adequate to trigger a liberty interest. *Marion*, 559 F.3d at 698. Although Plaintiff alleges that Unit Manager Filkins "created a unit to punish everyone being released from segregation," it is unclear what that means. Dkt. No. 1 at 3. Plaintiff does not allege any specific facts about the nature of the alleged punishment from which the Court can reasonably infer that his constitutional rights were violated. The allegation that Plaintiff was "punished" is simply a conclusory allegation. *See Iqbal*, 556 U.S. at 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Additionally, even assuming Plaintiff could trigger a liberty interest, it is unclear *how* his due process rights were violated. Plaintiff alleges that there was a violation of the prison's rules about "adequate notice." But the mere fact that a prison rule may have been violated is not enough to show a constitutional due process violation. *See Pulera v. Sarzant*, 966 F.3d 540, 551 (7th Cir. 2020). In other words, what the prison defines as "adequate notice" under its own rules may not be what is constitutionally required. Plaintiff needed to instead describe what specifically happened that he believed was unfair and violated his due process rights. Therefore, Plaintiff fails to state a Fourteenth Amendment due process claim.

Plaintiff also briefly mentions that he was denied "equal protection of the law" under the Fourteenth Amendment. Dkt. No. 1 at 2-4. To state a claim, Plaintiff must allege that the "defendants intentionally treated him differently because of his race . . . ethnicity, sex, religion, or other proscribed factor." *Lisle v. Welborn*, 933 F.3d 707, 719 (7th Cir. 2019). Plaintiff fails to allege that he was intentionally treated differently based on a proscribed factor. Therefore, he fails to state a Fourteenth Amendment equal protection claim as well.

5

Case 2:25-cv-00503-WCG    Filed 07/02/25    Page 5 of 8    Document 8

Finally, the Court notes that Plaintiff's allegations against ICE Zeni and Warden Miller only amount to a disagreement with decisions rendered on his inmate complaints and appeals. But complaint examiners are not liable under §1983 for simply doing their jobs and ruling on inmate complaints and appeals. *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). Therefore, Plaintiff fails to state a claim. As a result, the Court will dismiss the original complaint for failure to state a claim.

The dismissal is not final, however. As a general matter, *pro se* plaintiffs are allowed at least one chance to amend an inadequately pleaded complaint. *See Boyd v. Bellin*, 835 F. App'x 886, 889 (7th Cir. 2021). The Court will therefore give Plaintiff an opportunity to file an amended complaint to cure the deficiencies described above. The Court will enclose a guide for *pro se* prisoners that explains how to file an amended complaint that the Court can effectively screen. The Court also will include a blank prisoner amended complaint form. The Court will require Plaintiff to use that form to file his amended complaint. *See* Civ. L. R. 9 (E.D. Wis.). Plaintiff is advised that the amended complaint must bear the docket number assigned to this case. The amended complaint replaces the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056-57 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). If Plaintiff files an amended complaint, the Court will screen it as required by 28 U.S.C. §1915A. If Plaintiff does not file an amended complaint, the Court will likely dismiss this case.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the original complaint is **DISMISSED** because it fails to state a claim. Plaintiff may file an amended complaint that complies with the instructions in this order **within 30 days of this order**. If Plaintiff files an amended complaint by the deadline, the Court will screen it as required by 28 U.S.C. §1915A. If Plaintiff does not file an amended complaint by the deadline, the Court will likely dismiss this case.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a blank prisoner amended complaint form and a copy of the guide entitled "Guide to Filing Prisoner Complaints Without a Lawyer in the United States District Court for the Eastern District of Wisconsin," along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the **$248.83** balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, the transferring institution shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Plaintiff is confined.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution,

and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for filing to the Court to the following address:

>Honorable William C. Griesbach
>c/o Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>125 S. Jefferson Street, Suite 102
>Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

    Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

    Dated at Green Bay, Wisconsin this 2nd day of July, 2025.

                                    William C. Griesbach
                                    United States District Judge